IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANNER MACKEY, | : | |
|    Plaintiff | : | |
| | : | No. 1:23-cv-00919 |
|    v. | : | |
| | : | (Judge Rambo) |
| JAMES MCKENZIE, et al., | : | |
|    Defendants | : | |

### MEMORANDUM

Pro se Plaintiff Tanner Mackey ("Plaintiff"), who is currently incarcerated at Franklin County Jail ("FCJ") in Chambersburg, Pennsylvania, has brought this civil rights action pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated there. In accordance with the Prison Litigation Reform Act, the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint, but afford him the opportunity to amend his pleading.

### I.  BACKGROUND

On June 5, 2023, while Plaintiff was incarcerated at FCJ, he filed his Section 1983 complaint against the following Defendants, all of whom appear to have worked at FCJ during the period of time relevant to Plaintiff's claims: (1) James McKenzie ("McKenzie"), a corrections officer; (2) Weller, the deputy warden; (3) Bechtold, the warden; (4) Pittman, a lieutenant; (5) Sterner, who appears to be a correctional treatment response specialist; and (6) FCJ. (Doc. No. 1 at 1–2, 6.)

Following some initial administrative matters (Doc. Nos. 4, 8), Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. No. 5), as well as his prisoner trust fund account statement (Doc. No. 6). The Court, having reviewed Plaintiff's motion and trust fund account statement, will grant him leave to proceed in forma pauperis and deem his complaint filed.

In his complaint, Plaintiff sets forth the following allegations.[1] On an unspecified date, "negative events" occurred outside of the FCJ and, as a result of those "negative events[,]" Plaintiff sought advice from an unnamed corrections officer who explained that Plaintiff should file a grievance so that his concerns could be addressed via "administrative notice" and so that the "Jail Policy" could be "applied." (Doc. No. 1 at 6.) Plaintiff, apparently, took the corrections officer's advice and pursued his administrative remedies at the FCJ.

At the first step of the administrative remedy process, Plaintiff submitted a grievance, explaining that he was concerned that Defendant McKenzie would be deliberately indifferent to him and retaliate against him due to "negative contact

---

[1] In accordance with the legal standard set forth below, the Court accepts the allegations in the complaint as true and draws all reasonable inferences therefrom in the light most favorable to Plaintiff. See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017). In addition, the Court heeds the long-standing principle that pro se documents are "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, Plaintiff's pro se complaint, "however inartfully pleaded," will be held to "less stringent standards than formal pleadings drafted by lawyers[.]" See Haines v. Kerner, 404 U.S. 519, 520 (1972).

outside of [the FCJ]." (Id.); see also id. at 10 (alleging that Defendant McKenzie "had problems" with Plaintiff due to "prior discrepinces [sic]"); id. at 11 (alleging that Defendant McKenzie had spread "rumors" about Plaintiff to other inmates)). In particular, Plaintiff was concerned that Defendant McKenzie would abuse his "discretion" in connection with inmate disciplinary procedures and that this abuse would affect Plaintiff's "target date to be released on Parole." (Id.) Defendant Sterner responded to Plaintiff's grievance and explained that the "situation was being investigated." (Id.)

On an unspecified date, Defendant McKenzie issued Plaintiff a misconduct for not returning a "tablet" to the "charging station." (Id. at 7.) However, there were no rules that required the table to be returned to the charging station, and Defendant McKenzie had not instructed Plaintiff to do so. (Id.) In addition, had Defendant McKenzie instructed Plaintiff to do so, Plaintiff would have complied and returned the tablet to the charging station. (Id.)

Plaintiff believes that Defendant McKenzie's misconduct was retaliatory behavior and, so, Plaintiff placed his mother on "notice of the events" and requested that she contact officials at the FCJ. (Id.) In addition, Plaintiff's girlfriend, who was also housed at the FCJ during this period of time, was in contact with Plaintiff's mother about "the situation." (Id. at 7–8.) Plaintiff's girlfriend asked Defendant

3

Pittman for advice as to what Plaintiff should do about this situation, and Defendant Pittman suggested that Plaintiff file a grievance. (Id. at 8.)

Plaintiff continued to pursue the administrative remedy process at the FCJ, and at the third step of that process, Defendant Bechtold explained to Plaintiff that his grievance was "being investigated and handled properly." (Id.) However, "from the first step to the third step" in the administrative remedy process, Plaintiff "remained on G unit" with Defendant McKenzie, which caused Plaintiff "anxiety, mental and phycological [sic] abuse, mental anguish, and vulgar and derogative [sic] statements[.]" (Id.) And, as a result, Plaintiff again contacted his mother to have her contact officials at the FCJ. (Id.) Plaintiff's mother contacted the commissioner, who "only vaguley [sic] encouraged [her] to have Plaintiff file a complaint[.]" (Id.)

In connection with all of these allegations, Plaintiff appears to assert violations of his First, Eighth, and Fourteenth Amendment rights. (Id. at 10–11.) In addition, Plaintiff also appears to assert a state-law negligence claim based upon the alleged failure to enforce "FCJ Policy" and to "act in a professional manner to [P]laintiff[.]" (Id. at 12.) As for relief, Plaintiff seeks compensatory, punitive, and nominal damages, as well as any other relief to which he is entitled. (Id.) [2]

---

[2] Notably, Plaintiff has not specified whether he is a pretrial detainee or a convicted and sentenced state prisoner. As such, the Court will direct Plaintiff to clarify this in his amended complaint, should he file one.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

5

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III. DISCUSSION

As discussed above, Plaintiff has filed his complaint against Defendants pursuant to the provisions of Section 1983, asserting violations of his rights under the First, Eighth, and Fourteenth Amendments. (Doc. No. 1.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead

6

provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

In order to plausibly state a claim under Section 1983, a plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)).

A.   **Defendant FCJ**

Plaintiff has named the FCJ as a defendant in his complaint. (Doc. No. 1 at 2.) However, consistent with the standards set forth above, in order for Plaintiff to plausibly state a claim under Section 1983, he must allege "a deprivation of a federally protected right and that this deprivation was committed by [a person] acting under color of state law." See Woloszyn v. Cnty. of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005) (citation and internal quotation marks omitted). A county jail, such as the FCJ, is not considered a "person" for purposes of Section 1983 and, therefore,

7

is not amenable to suit under this statute. See 42 U.S.C. § 1983; Edwards v. Northampton Cnty., 663 F. App'x 132, 136 (3d Cir. 2016) (unpublished) (finding that a county prison is not a "person" subject to suit under Section 1983 (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973))); Beaver v. Union Cnty. Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015) (unpublished) (same); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (unpublished) (same).[3] As such, the Court finds that Plaintiff's complaint fails to state a Section 1983 claim upon which relief can be granted against Defendant FCJ.

### B. Defendant Weller

Plaintiff has named Weller as a defendant in his complaint. (Doc. No. 1 at 1, 2.) The Court finds, however, that there is a complete absence of allegations in the complaint that would give rise to a plausible inference that Defendant Weller was personally involved in any asserted deprivation of Plaintiff's constitutionally protected rights. Indeed, while Defendant Weller has been listed as a Defendant in the complaint (Doc. No. 1 at 2), there are no specific factual allegations concerning Defendant Weller's personal involvement in the asserted wrongdoing. Without such allegations of personal involvement, the Court concludes that Plaintiff's complaint fails to plausibly state a Section 1983 claim upon which relief can be granted against

---

[3] While these opinions are non-precedential, the Court is persuaded by the conclusion that county jails do not constitute "persons" for purposes of Section 1983.

Defendant Weller.  See Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020) (explaining that, in order for a plaintiff to prevail under Section 1983, he must make "a showing that each defendant was personally involved in the alleged wrongdoing").  As such, any Section 1983 claims against Defendant Weller will be dismissed for lack of personal involvement.

    **C.**    **Defendant Pittman**

In his complaint, Plaintiff alleges that his girlfriend spoke with Defendant Pittman at the FCJ, concerning Plaintiff's situation with Defendant McKenzie and that Defendant Pittman suggested that Plaintiff file a grievance. (Doc. No. 1 at 8.) This allegation alone, however, fails to establish how Defendant Pittman was personally involved in a violation of Plaintiff's constitutional rights.  Indeed, there are no allegations that Defendant Pittman had any personal interactions with Plaintiff or that Defendant Pittman personally participated in a violation of Plaintiff's rights or acquiesced in any wrongful conduct.  Rather, there is only an allegation that Defendant Pittman advised Plaintiff's girlfriend that Plaintiff should file a grievance so that his concerns could be addressed through the administrative remedy process at the FCJ.  See Dooley, 957 F.3d at 374 (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)); Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020) (explaining that, in order for a plaintiff to prevail under Section

1983, he must make "a showing that each defendant was personally involved in the alleged wrongdoing"). As such, any Section 1983 claims against Defendant Pittman will be dismissed for lack of personal involvement.

### D.  Defendants Sterner and Bechtold

In his complaint, Plaintiff asserts an Eighth Amendment deliberate indifference claim against Defendants Sterner and Bechtold. (Doc. No. 1 at 10, 11.) In support, Plaintiff alleges that Defendants Sterner and Bechtold were involved with the grievance process at the FCJ, and specifically, with the first and third steps of that process. (Id. at 6, 8.) However, the only factual allegation that Plaintiff has asserted against these Defendants is, essentially, that they had informed Plaintiff that his grievance was being investigated. (Id.) For the reasons discussed below, the Court finds that this allegation fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 sets forth the general rules of pleading. See Fed. R. Civ. P. 8. Rule 8(a) requires a pleading to contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) requires that "[e]ach allegation . . . be simple, concise, and direct." See Fed. R. Civ. P. 8(d)(1). Generally speaking, these Rules require a plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d

Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This pleading standard requires more than legal labels and conclusory assertions: a complaint must include enough facts "to raise a right to relief above the speculative level[.]" See Twombly, 550 U.S. at 555 (citations omitted).

Here, Plaintiff's allegations against Defendants Sterner and Bechtold fail to meet this basic pleading standard. Although the allegations are concise, the Court finds that the complaint fails to explain when Plaintiff had written to these Defendants, what he had explained to these Defendants, or how they ultimately responded to his grievance and/or grievance appeal at the first and third steps of the administrative remedy process at the FCJ. In other words, the complaint fails to set forth the specific factual grounds upon which Plaintiff seeks to assert an Eighth Amendment claim against Defendants Sterner and Bechtold. Accordingly, the Court concludes that Plaintiff's Section 1983 claims against Defendants Sterner and Bechtold are subject to dismissal for failure to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.

### E. Defendant McKenzie

In his complaint, Plaintiff asserts that Defendant McKenzie violated his First and Eighth Amendment rights. (Doc. No. 1 at 10, 11.) For the sake of clarity, the Court will address these claims in turn.

### 1. First Amendment

In his complaint, Plaintiff appears to assert that Defendant McKenzie retaliated against him by issuing him a misconduct for filing grievances. See, e.g., (Doc. No. 1 at 6, 7, 11). In order to state a First Amendment retaliation claim, a plaintiff must show that: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (citations omitted). However, even if a plaintiff states a prima facie case of retaliation, "prison officials may still prevail if they establish that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." See id. (citation and internal quotation marks omitted).

As stated above, Plaintiff appears to allege that Defendant McKenzie retaliated against him by issuing him a misconduct for filing grievances. See, e.g., (Doc. No. 1 at 6, 7, 11). The Court recognizes that the filing of lawsuits and prison grievances constitute activity protected by the First Amendment. See Watson, 834

F.3d at 422 (reiterating its prior holding that a prisoner-plaintiff engages in constitutionally protected activity when he files a grievance against a prison official (citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003))); Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (reiterating its prior holding "that falsifying misconduct reports in retaliation for an inmate's resort to legal process is a violation of the First Amendment's guarantee of free access to the courts" (citation omitted)); Allah v. Seiverling, 229 F.3d 220, 223-25 (3d Cir. 2000) (concluding that the prisoner-plaintiff had stated a First Amendment retaliation claim where he alleged that he had been kept in administrative segregation in retaliation for filing civil rights claims against prison officials). The Court also recognizes that the issuance of a misconduct may constitute an adverse action. See Watson, 834 F.3d at 423 (concluding that the state prisoner suffered an adverse action when a prison official had charged the prisoner with a misconduct, resulting in a range of sanctions).

Recognizing these legal principles, however, the Court finds that the complaint does not allege "a causal link" between Plaintiff engaging in such protected activity and the adverse action that was allegedly taken against him by Defendant McKenzie. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). First, the allegations against Defendant McKenzie are conclusory. Second, the complaint does not provide sufficient information about when Plaintiff filed his grievances, against whom he filed his grievances, or how long after he filed his grievances that

13

the alleged retaliation occurred. Thus, even when viewing the facts in the light most favorable to Plaintiff, he has failed to show that the filing of grievances was a substantial or motivating factor in the alleged retaliation. As a result, the Court concludes that Plaintiff's complaint fails to state a First Amendment retaliation claim upon which relief can be granted. The Court will, therefore, dismiss Plaintiff's First Amendment retaliation claim against Defendant McKenzie.

### 2. Eighth Amendment

Although unclear, Plaintiff appears to assert that Defendant McKenzie was deliberately indifferent to him based upon the following two (2) allegations: (1) "[t]he Action of [Defendant McKenzie] knowing he had problems with Plaintiff through prior discrepinces [sic] constitutes deliberate indifference to act in good faith[, and] this is a [sic] [E]ighth [A]mendment violation . . . " (Doc. No. 1 at 10); and "[t]he action of [Defendant McKenzie] spreading rumors about Plaintiff to [other] inmates which was done maliciously and sadistically constitutes cruel and unusual punishment in violation of [the] Eighth Amendment[.]" See, e.g., (Doc. No. 1 at 6, 7, 11). The Court, having reviewed these allegations, finds that they fail to satisfy Rule 8 of the Federal Rules of Civil Procedure.

As set forth above, Rule 8 governs the general rules of pleading and requires a plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d

Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). As also set forth above, this pleading standard requires more than legal labels and conclusory assertions: a complaint must include enough facts "to raise a right to relief above the speculative level[.]" See Twombly, 550 U.S. at 555 (citations omitted).

Here, Plaintiff's allegations against Defendant McKenzie fail to meet this basic pleading standard. While Plaintiff's allegations are concise, the Court finds that they are conclusory. Indeed, the complaint fails to set forth any "prior discrepinces [sic]" that Defendant McKenzie had with Plaintiff, and the complaint also fails to explain the "rumors" that Defendant McKenzie had been spreading about Plaintiff to other inmates or when Defendant McKenzie spread those rumors. In other words, the complaint fails to allege the specific factual grounds upon which Plaintiff seeks to assert a claim for deliberate indifference against Defendant McKenzie. Accordingly, the Court concludes that Plaintiff's deliberate indifference claim against Defendant McKenzie is subject to dismissal for failure to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.

### F. Leave to Amend

The final issue is whether Plaintiff should be granted leave to amend his complaint.[4] Due to the applicable liberal pleading standard, a plaintiff should

---

[4] Because Plaintiff has failed to state a federal claim upon which relief can be granted, and because Plaintiff will be afforded the opportunity to file an amended

generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff leave to amend his Section 1983 claims against Defendant FCJ would be futile because Defendant FCJ does not constitute a "person" for purposes of Section 1983. The Court cannot say, however, that granting Plaintiff leave to amend his Section 1983

---

complaint, the Court will refrain from addressing Plaintiff's state-law claim for negligence at this time.

claims against the remaining Defendants would be futile and, as such, the Court will grant Plaintiff an opportunity to amend these claims in order to attempt to cure the deficiencies identified above.

Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the complaint or any other document already filed. The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.   CONCLUSION

To conclude, the Court will grant Plaintiff leave to proceed in forma pauperis, deem his complaint filed, and dismiss his complaint for failure to state a claim upon which relief can be granted. (Doc. Nos. 1, 5.) In addition, the Court will grant Plaintiff an opportunity to amend his pleading. An appropriate Order follows.

Dated: September 5, 2023                    s/ Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge